NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SHERRY LYNN BELL,
*Petitioner/Appellee/Cross-Appellant,*

*v.*

GEORGE ANTHONY MACKELPRANG,
*Respondent/Appellant/Cross-Appellee.*

No. 1 CA-CV 25-0434 FC

FILED 07-31-2026

Appeal from the Superior Court in Maricopa County
No. FN2022-092721
The Honorable Keith A. Miller, Judge

**VACATED AND REMANDED**

COUNSEL

San Tan Family Law PLC, Queen Creek
By Spencer T. Hale, Matthew K. Palfreyman
*Counsel for Petitioner/Appellee/Cross-Appellant*

Impact Family Law, Mesa
By Suzette Belle Lorrey-Wiggs
*Counsel for Respondent/Appellant/Cross-Appellee*

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge Veronika Fabian joined.

**J A C O B S**, Judge:

**¶1**　　　　George Mackelprang ("Husband") appeals the June 30, 2025 order (the "Decree") under Arizona Rule of Family Law Procedure ("Rule") 78(c), which amended two nonfinal orders, and determined all financial matters pertaining to the dissolution of his marriage to Sherry Bell ("Wife").[1]　Wife appeals the denial of her motion to alter or amend the Decree.

**¶2**　　　　Husband argues the Decree unequally divided community property and lacked findings of fact and conclusions of law sufficient to support the division.　Wife argues the Decree awarded her insufficient attorneys' fees and improperly denied her spousal maintenance given its allocation of property.　For the following reasons, we vacate the division of property in the Decree (and the preliminary orders it amended) and the superior court's order denying spousal maintenance to Wife.　We remand for the court to make findings of fact and conclusions of law necessary to decide those issues, and then to decide them.

**FACTS AND PROCEDURAL HISTORY**

**A.　Wife Petitions to Dissolve Her Marriage to Husband and the Court Divides Certain Assets Before Trial.**

**¶3**　　　　Wife petitioned to dissolve her marriage to Husband in August 2022.　She requested spousal maintenance and that all community assets be divided equally.　Husband responded in September 2022, objecting to Wife's requests for spousal maintenance and for an equal share of the community assets.

---

[1] Here, the superior court called its first two orders effecting some preliminary relief between the parties decrees.　But Rule 78(a) equates decrees with judgments, so to avoid confusion, this decision refers to the superior court's final, appealable order under Rule 78(c) as the Decree, and refers to the court's preliminary orders by their dates and not their titles.

¶4 That same month, Husband moved the court to equally divide the parties' liquid assets, claiming that division was necessary because Wife had moved approximately $38,000 from a checking account they shared to an account she controlled. The court granted Husband's motion and Wife returned $19,000 to Husband. Between November 2022 and July 2023, Husband and Wife sought to divide their liquid assets and settle other disputes.

¶5 Wife moved for temporary orders in August 2023, claiming she discovered certain precious metals in Husband's possession that were liquid assets of the community subject to equal division. After a hearing in September 2023, the court ordered Husband to "advance $25,000.00 to Wife from her portion of the community assets" and denied all other requests for temporary orders.

**B.      The Parties Frame Issues for Trial; Wife Requests Separate Findings of Fact and Conclusions of Law Under Rule 82.**

¶6 The court set trial for September 16, 2024. Before trial, Wife invoked Rule 82, requesting the court make findings of fact and conclusions of law when dividing the community assets. Husband and Wife each filed pretrial statements and proposed findings of fact and conclusions of law, identifying property to be divided and issues to be determined. Property subject to division included precious metals and other liquid assets; retirement, checking, and savings accounts; and vehicles.

¶7 The parties disputed the division of the community precious metals and other liquid assets. In her proposed division of liquid assets, Wife said that 512.2 ounces of gold within the community were subject to equal division. Wife acknowledged she "was awarded $25,000 as part of her community property" after the September 2023 temporary orders hearing on the division of liquid assets but did not suggest how that sum should factor into her final award. Husband said the "community portion of the gold and precious metals is approximately $650,000.00," but that Wife should not receive an equal share of that total because, among other reasons, he had "already paid [her] $25,000.00 for a portion of her community share of the gold and precious metals."

¶8 The parties disputed whether Wife should receive spousal maintenance. Wife requested a maintenance award of $2,000 per month for 60 months and retroactive spousal maintenance of $48,000. Husband objected, arguing Wife could support herself without spousal maintenance

because she would "receive at least $250,000[] by way [of] property apportioned to her as her share of the community assets."

¶9             The parties identified retirement accounts and other bank accounts for the court to divide.  Those included Wife's Arizona State Retirement System ("ASRS") account and Husband's Standard TransAmerica, SRP, Merrill Lynch, and Sun West Trust Self-Directed IRA (the "Self-Directed IRA") accounts.  Husband claimed the vast majority – 87.25% – of the Self-Directed IRA – which consisted primarily of gold and other precious metals and was the largest of the retirement accounts – was his sole and separate property, so Wife was entitled to only one-half of the remaining 12.75%, or 6.375%, of the account.  Wife did not separately ask for a share of the Self-Directed IRA, but she mentioned the account in her proposed division of liquid assets (presumably because it contained gold and other metals).  Husband also identified five community bank accounts to be divided – two Desert Financial Checking accounts, a Desert Financial Savings account, a U.S. Bank account, and a Chase account – and one Mountain America account he said was his sole and separate property.

¶10             Finally, the parties disputed the division of their vehicles and whether Wife should receive any equalization or offset payments.  Wife asked for a total equalization payment of $63,046.70, inclusive of several smaller offset payments she requested related to her proposed division of the community vehicles, retirement accounts, and real property.  Husband proposed that there be no equalization or offset payments.

### C.      After Trial, the Court Divides Some Community Assets.

¶11             Husband and Wife each testified and offered documentary evidence at trial.  The court issued an order dissolving their marriage and dividing some community assets on November 12, 2024 (the "November 2024 Order").  Though entitled 'Decree', it was expressly not intended to be final and appealable, and did not have the characteristics of a Rule 78(c) judgment.

¶12             In the November 2024 Order, the court found an equal division of community property appropriate to achieve equity.  It awarded Husband and Wife equal shares of the community lien on Husband's real property, equal shares of the community's precious metals, and equal shares of the community portions of three retirement accounts – the ASRS account, the Merrill Lynch account, and the Self-Directed IRA.  The court found the accounts collectively worth $631,483, with the Self-Directed IRA comprising most of that total at $509,153.  The court awarded Husband his

real property, a vehicle valued at $29,700, his Mountain America bank account, and certain precious metals it found were not community property. To Wife it awarded a vehicle valued at $6,800 and an equalization payment of $12,000 to make the overall division "fair and equitable under the circumstances."

¶13 The court denied Wife's request for spousal maintenance, agreeing with Husband that she would receive sufficient property under the November 2024 Order to support herself without it. *See* A.R.S. § 25-319(A)(1). But the court ordered Husband to pay a portion of Wife's reasonable attorneys' fees and costs – to be determined upon Wife's application itemizing her fees and costs – because it found Husband had "considerably more resources available to contribute toward [Wife's] attorney fees and costs" and had "acted unreasonably in the litigation." Because the attorneys' fees issue was left open, the court cautioned it did not intend the November 2024 Order to constitute a final, appealable order. That order also left certain property to be allocated in the court's next order.

### D. Husband and Wife Contest Various Aspects of the November 2024 Order.

#### 1. Husband Seeks to Modify the November 2024 Order.

¶14 Husband moved the court to alter or amend the November 2024 Order[2] to: (1) allocate the Desert Financial accounts, the U.S. Bank account, and the Chase account, which he said the November 2024 Order "fail[ed] to account for"; (2) state that only 12.25% of the Self-Directed IRA was community property subject to division, arguing the November 2024 Order was "silent as to [his] sole and separate portion of the self-directed IRA"; (3) strike Wife's $12,000 equalization award as unsupported by factual findings and inequitable; (4) undo its award of attorneys' fees to Wife, contending she had litigated unreasonably; and (5) account for his $25,000 advanced to Wife, which he contended the November 2024 Order failed to do.

¶15 The court amended the November 2024 Order in an April 21, 2025 Order (the "April 2025 Order"). The April 2025 Order allocated the remaining bank accounts between the parties. The court found 15% of the

---

[2] Husband's motion was denominated as one to alter or amend a decree under Rule 83, given the labeling of the November 2024 Order as a decree. But given that the November 2024 Order was not a judgment, we do not describe Husband's motion as one under Rule 83.

Self-Directed IRA was community property, and awarded Wife half of that 15% without explaining what impact this would have on Wife's overall award. The April 2025 Order did not mention the $25,000 advanced to Wife or the $12,000 equalization payment. The court stated it did not intend the April 2025 Order to constitute a final, appealable order. But the court also denominated the order as one under Rule 78(b), while omitting the express determination and recital Rule 78(b) requires to make an order an effective Rule 78(b) judgment.

¶16      Husband moved the court under Rule 84 to clarify why the April 2025 Order did not account for the $25,000 advance or the $12,000 equalization payment. The court denied Husband's motion as not properly brought under Rule 84, since Rules 83 and 85 are the proper vehicles for motions to modify or seek relief from judgments. Husband appealed the April 2025 Order and the denial of his motion for clarification. This Court stayed that appeal because the April 2025 Order was not a judgment.

## 2.    Wife Moves to Modify the Court's Orders.

¶17      After the November 2024 Order, Wife filed an affidavit of attorneys' fees and costs, requesting $79,153.68. Noting Husband's failure to respond, in January 2025, the court entered a Rule 78(c) judgment for Wife for $30,000 of attorneys' fees and costs. Husband objected that his counsel never received a copy of Wife's affidavit. In the April 2025 Order, the court set aside the $30,000 judgment to let Husband respond to it. Then, in the Decree, the court reduced the judgment to $20,000. The Decree was final and appealable under Rule 78(c).

¶18      On July 25, 2025, Wife moved under Rule 83 to alter or amend the Decree and for relief from the reduced attorneys' fees award. Wife asked the court to reconsider its spousal maintenance ruling, arguing the court's initial conclusion in the November 2024 Order – that she should not receive spousal maintenance because she would receive sufficient property under the Decree to support herself – was no longer supported by the court's findings after the Decree reduced her share of the Self-Directed IRA to 7.5% of its value. She also moved the court under Rule 85 to restore the $30,000 attorneys' fees judgment, arguing "Husband's unreasonableness and the volume of post decree motions" made the $20,000 judgment inequitable.

¶19      The court denied Wife's requests, finding "no grounds" supported either of them. Separately, it found her motion concerning

6

spousal maintenance untimely, as it came more than 25 days after the entry of the April 2025 Order, which the court regarded as a Rule 78(b) judgment.

**¶20**    Wife appealed both rulings. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. § 12-2101(A).

## DISCUSSION

**¶21**    When, as here, a party properly invokes Rule 82 before trial, the court "must make separate findings of fact and conclusions of law" either on the record or in a writing. Ariz. R. Fam. Law P. 82(a)(1). "In order to satisfy" Rule 82, "the court's findings must encompass all of the 'ultimate' facts—that is, those necessary to resolve the disputed issues in the case." *Elliott v. Elliott*, 165 Ariz. 128, 132 (App. 1990) (citing equivalent predecessor rule). We must be able to discern "a sufficient factual basis that explains *how* the trial court actually arrived at its conclusion." *Miller v. Bd. of Supervisors of Pinal Cnty.*, 175 Ariz. 296, 299 (1993). And if "the family court's findings are insufficient," we may not "infer additional findings necessary to sustain the award[s]." *Stein v. Stein*, 238 Ariz. 548, 551 ¶ 10 (App. 2015). Here, Wife invoked Rule 82, and we agree with both Husband and Wife that the court did not make adequate findings of fact or conclusions of law to support its rulings, as we next explain.

**I.    We Vacate the Superior Court's Division of Community Property Because the Court Did Not Make Findings and Conclusions Necessary to Show That the Division Was Equitable.**

**¶22**    Husband argues the court erred by dividing the community assets unequally without adequately explaining its reasons for doing so in either the November 2024 Order or the April 2025 Order. He says the court found an equal division of community property was equitable but then allocated the disputed assets unequally, awarding Wife a greater share of the community bank accounts and $12,000 as equalization without accounting for the $25,000 he advanced to Wife before trial. He says the court failed to make sufficient findings under Rule 82 to support its rulings. Wife says the original division of property was equitable and suggests an explanation for the amounts Husband says were omitted. Though the court may adopt Wife's explanation on remand, Husband is right that we must vacate and remand because the court must (when requested to do so) make foundational findings and reach foundational conclusions to explain its rulings.

**¶23**    Under Arizona Revised Statutes ("A.R.S.") Section 25-318, community property must be divided equitably, though not necessarily

equally, and the court has wide discretion to effect such a division. *Meister v. Meister*, 252 Ariz. 391, 396 ¶ 14 (App. 2021). We review the court's division of community property for abuse of discretion. *Barnett v. Jedynak*, 219 Ariz. 550, 553 ¶ 10 (App. 2009). Here, our review is more searching because Wife invoked Rule 82, which requires us to determine whether the property division was equitable based on findings the court made without our making additional inferences. *See Elliott*, 165 Ariz. at 135; *Stein*, 238 Ariz. at 551 ¶ 10. Because the November 2024 Order, the April 2025 Order, and the Decree don't contain findings explaining how it resolved specific disputed issues or arrived at its conclusions, we can't determine whether the division was equitable.

**¶24** First, the court made no findings supporting its conclusion that Husband should pay Wife $12,000 as equalization. Wife requested equalization totaling $63,046.70, including specific requests for offset payments related to the community vehicles, retirement accounts, and real property. Husband argued Wife should not receive equalization. The court concluded Wife should receive $12,000, finding the final allocation of real and personal property was not fair or equitable "when considered with the division of debt." But the court found there was no community debt and entered no orders regarding any debt.

**¶25** Second, the court made no findings regarding the $25,000 advanced to Wife before trial. The parties each mentioned the advance payment in their pretrial filings, noting it was part of the disputed liquid assets. Because the court did not make findings relating to this payment, we don't know whether or how the court factored it in as part of its intendedly equitable division of property.

**¶26** Third, in the April 2025 Order, the court allocated the community bank accounts Husband identified in his pretrial statement. However, it made no factual findings supporting the allocation. Nor did it explain why the allocation was equitable.

**¶27** Given the lack of findings under Rule 82, and that we cannot make inferences as to why the division of community assets was equitable, we cannot affirm the court's division of community assets. *See Elliott*, 165 Ariz. at 135; *Miller*, 175 Ariz. at 299; *Stein*, 238 Ariz. at 551 ¶ 10.

**II.** **The Court Failed to Make Findings Sufficient to Support its Spousal Maintenance Ruling but Committed No Error in Awarding Wife's Attorneys' Fees.**

¶28 Wife appeals the denial of her motions under Rules 83 and 85 seeking to modify the Decree and the November 2024 and April 2025 Orders the Decree made final. We review rulings on motions under Rules 83 and 85 for abuse of discretion. *Stock v. Stock*, 250 Ariz. 352, 354 ¶ 5 (App. 2020); *Clark v. Kreamer*, 243 Ariz. 272, 275 ¶ 10 (App. 2017). And it is legal error for the court to fail to make findings requested under a procedural rule. *See Moore v. Moore,* 25 Ariz. 282, 284 (1923) ("Upon request it became the duty of the court to make findings, and the failure to do so would unquestionably be error."); *Miller v. McAlister*, 151 Ariz. 435, 437 (App. 1986) ("[F]indings of fact and conclusions of law must be made by the court . . . when they have been properly requested by a party.").

¶29 Wife's arguments boil down to a contention that the superior court failed to make findings required by her Rule 82 request. First, she says the court erred in the April 2025 Order by determining that only 15% of the Self-Directed IRA is community property. That reduced her overall allocation of property. She contends the court failed to consider whether that reduction undermined the November 2024 Order's conclusion that she was ineligible for spousal maintenance because she would receive sufficient property in the Decree to support herself. Second, she says the court erred by lowering her $30,000 attorneys' fees award to $20,000 without any rationale.

¶30 Husband counters that Wife was ineligible for spousal maintenance and that when the court allocated the Self-Directed IRA, it did not undermine its decision not to award spousal maintenance because the November 2024 Order only awarded Wife half of the community portion of the Self-Directed IRA, not 50% of its total value. Husband also argues the court was not required to make findings and conclusions as to the fee award. As we next explain, Wife is right about spousal maintenance and Husband is right about attorneys' fees.

**A.** **The Court Did Not Make Findings Sufficient to Support its Spousal Maintenance Ruling.**

¶31 The court may award spousal maintenance if, among other enumerated triggers, it finds that the spouse seeking maintenance "[l]acks sufficient property . . . to provide for [her] reasonable needs." A.R.S. § 25-319(A)(1). "[W]e will affirm a trial court's spousal-maintenance order if

reasonable evidence supports it." *In re Marriage of Cotter and Podhorez*, 245 Ariz. 82, 85 ¶ 6 (App. 2018). But as noted, because Wife requested findings and conclusions under Rule 82, the court was required to make findings and conclusions sufficient for us to test its spousal maintenance ruling without making our own inferences. *See Elliott*, 165 Ariz. at 135; *Miller*, 175 Ariz. at 299; *Stein*, 238 Ariz. at 551 ¶ 10.

**¶32** We vacate the court's spousal maintenance ruling because the court did not make findings necessary to support its resolution of that issue. The November 2024 Order found that under the division of property then contemplated, "Wife receives sufficient property in this award that she does not need to obtain additional income above what she is earning to support herself." The "property in this award" included an equal share of the community portion of the Self-Directed IRA, which was the largest account the court divided in the November 2024 Order, then worth $509,153. Wife claims she lost more than $230,000 when the April 2025 Order determined that only 15% of the Self-Directed IRA was community property, which would reduce her share of it to 7.5% of its total value. We agree with Wife that the sharp reduction in her share of the Self-Directed IRA could undermine the November 2024 Order's conclusion that she did not need spousal maintenance. We also agree with Wife that the superior court must make findings to explain why she does or does not require maintenance. Accordingly, we reverse and remand for the superior court to do so.

**B. The Court Did Not Err in Awarding Wife $20,000 of Attorneys' Fees and Costs.**

**¶33** The court may, "after considering the financial resources of both parties and the reasonableness of [their] positions," order one party to pay a "reasonable amount to the other party for the costs and expenses of maintaining . . . any [dissolution] proceeding." A.R.S. § 25-324(A). "We review a trial court's order concerning attorney fees under § 25-324 for an abuse of discretion." *In re Marriage of Cotter*, 245 Ariz. at 87-88 ¶ 16.

**¶34** In the November 2024 Order, the court found Husband was in a better financial position to cover a portion of Wife's reasonable attorneys' fees and costs and that Husband had taken unreasonable litigation positions. When Wife filed her affidavit requesting fees and costs, the court awarded her $30,000. But after Husband moved for relief, identifying amounts he believed were inappropriate, the court reduced the award to $20,000. Whether to award one party attorneys' fees and costs under A.R.S. § 25-324(A), as well as what amount to award, is a discretionary decision for the court to make. *See Sunland Dairy LLC v. Milky*

*Way Dairy LLC*, 251 Ariz. 64, 71 ¶ 32 (App. 2021). Wife makes no argument as to why $30,000 was appropriate and $20,000 was not. Without more, we cannot say the court abused its discretion in making this judgment, which inherently balances competing considerations.

## CONCLUSION

**¶35** We vacate the property division and spousal maintenance ruling in the November 2024 Order, the April 2025 Order, and the Decree, taken collectively. We remand to the court to make findings of fact and conclusions of law required by Rule 82, and then to decide the property division and spousal maintenance issues based upon those findings. In our discretion, we deny both parties' requests for attorneys' fees on appeal. Neither party prevailed to a degree greater than the other, so we award neither party costs.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:             JR